IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 18-03123 (ESL) |
| PUNTAS ASSOCIATES LLC | CHAPTER 13 |
| Debtor | |
| PUNTA ASSOCIATES, LLC<br>Represented by Noreen Wiscovitch,<br>Chapter 7 Trustee | ADV. PROC. 18-0127 |
| Plaintiff | |
| v. | |
| CARLOS M. MUÑIZ RUIZ, EDNA O.<br>MUÑIZ RUIZ AND ADALIZ MUÑIZ<br>AVILES | |
| Defendants | |

OPINION AND ORDER

This case is before the court upon the *Motion for Summary Judgment* filed by the chapter 7 Trustee, Noreen Wiscovitch-Rentas (the "Trustee") (Docket No. 32); the *Opposition to the Trustee's Request for Summary Judgment at Docket No. 32, and the Heirs Statement of Facts, Memorandum of Law and Motion to Dismiss Pursuant to Rule 12(b)(6) FRCP* filed by Carlos M. Muñiz Ruiz, Edna O. Muñiz Ruiz, and Adalid Muñiz Ruiz, individually and as Heirs of the Estate of Adalid Muñiz Aviles, referred to collectively as "Heirs of the Estate of Adalid Muñiz Aviles" (the "Muñiz Heirs") (Docket No. 37); and the *Reply to Defendants Opposition to the Trustee's Motion for Summary Judgment* filed by the Trustee (Docket No. 47).

Relevant Procedural History

On May 31, 2018, the Debtor, Puntas Associates LLC filed a Chapter 7 voluntary petition (Docket No. 1, Lead Case, 18-03123). On schedule A/B (Lead Case, 18-03123), the Debtor listed several real estate properties. On part 9, line 55.1, the Debtor listed Parcel G with a surface area of

-1-

13,036.247 square meters located at Barrio Puntas, Rincón and listed the "current value of debtor's interest" in the amount of $75,000.00 (the "Rincón property"). On Schedule D the Debtor listed Adalid Muniz Aviles & Carlos Muniz Rivera as mortgage lien holder over Parcel G included in Schedule A/B, with a claim in the amount of $4,036,323.00. Page 11. A collection of monies and foreclosure action in the United States District Court of Puerto Rico was listed in the Statement of Financial Affairs for Non-Individuals, Part 3, line 7.1. Page 18.

Although the Trustee filed a *Notice of Abandonment of Property and Request for Clerk to Notice,* regarding the property described as "[l]and: Parcel G with a surface area of 13,036.247 square meters located at Bo. Puntas, Rincón" (Docket No. 10, Lead Case, 18-03123), the Trustee later filed a *Motion to Set Aside Notice of Abandonment and for Reconsideration Under FRBP 9024* (Docket No. 28, Lead Case, 18-03123). The Trustee explained that her determination "to abandon the estate property was triggered because said property had no value and/or was burdensome to the estate, as per Debtor's schedules, testimony and the evidence presented in proof of claim No.4 ("POC 4") filed by Carlos M. Muñiz Ruiz, Edna O. Muñiz Ruiz and Adaliz Muñiz Aviles ("Defendant/Creditors"), which determined that, as of July 22, 2018, the Property was encumbered by virtue of the pre-petition presentment of a secured mortgage in the amount of $4,036,323.00." However, the Registrar, Mr. Gilden S. Caro Pérez, issued a notice for correction on July 31, 2018, which expired on October 1, 2018, without any corrective action by the notary. Therefore, the presentation made on May 29, 2007, lost its seat in the Registry. Furthermore, on October 2, 2018, the notary withdrew the mortgage deed and claimed a credit for the government stamps paid upon presentation.

On January 22, 2019, the Muñiz Heirs filed their *Opposition to Motion to Set Aside Notice of Abandonment and for Reconsideration under Federal Rule 9024 (No. 28 and 29) and Memorandum of Law in Support Thereof* (Docket No. 59, Lead Case, 18-03123). They alleged that they possessed a pre-petition "interest [over the property object of their lien]" under sections 362(b)(3) and 546(b)(1)(A). The federal statutory term "interest in property" is "[][i]nequivalent (sic) to, and broader than," the term "lien." See Soto Rios v. BPPR (1st Cir. 2011) and that "the acts performed to perfect the appearing creditors' security interest post-petition, if any, are exempted from the automatic stay pursuant to 362(b)(3) and were performed pursuant to Puerto Rico Mortgage Law to pursue and perfect the appearing creditors' pre-petition interest over the mortgage property. That interest is based in basic principles of the 14th Amendment to the Constitution of the United States."

-2-

After several substantive and procedural events, on October 5, 2021, the court entered an *Opinion and Order* granting the Trustee's request for revocation of the abandonment pursuant to Fed. R. Civ. P. 60(b)(6), made applicable to bankruptcy through Fed. R. Bank. P. 9024 (Docket No. 154).

On November 12, 2018, the Chapter 7 Trustee filed this Complaint and Objection to Claim (Docket No. 1). The Trustee objected proof of claim no. 4 filed by the Defendants, the Muñiz Heirs, which includes as a basis of its security interest a Mortgage Note and consented judgment of foreclosure, and a secured claim in the amount of $3,918,232.50. Although the proof of claim includes as a supporting document the mortgage note presented for registration in the Property Registry on May 29, 2007, the Registrar notified a fault in the presentation, and the notary failed to correct said fault. Therefore, the Trustee argues that upon the filing of the petition, there was no valid security interest encumbering the property. The document lost its prepetition ranking, and the lien ceased to exist. "Pursuant to Section 363(p)(2) of the Bankruptcy Code, an entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." The Trustee argues that the Creditors' alleged security interest was not validly perfected pursuant to Puerto Rico Law and therefore Defendant's alleged liens, if any, are unsecured in at least $2,313,000.00.

The Trustee further clarifies that although once abandoned, the property was no longer property of the estate pursuant to 11 U.S.C. § 362(c)(1) and the automatic stay imposed against the Debtor's Property by section 362(a)(2) and section 362(a)(3) terminated; the stay imposed by section 362(a)(5) and section 362(a)(6) continued to apply to any act to create, perfect or enforce a lien against "property of the debtor" until the case is dismissed or closed, or discharge is granted or denied. Citing In re Vicente, 446 B.R. 26 (Bankr. D. Mass. 2011).

"…[O]n October 3, 2018, the very same 2007 mortgage deed was willfully and illegally presented in the Property Registry for a second time, despite having full knowledge of the filing of Debtor's Chapter 7 voluntary petition." The Trustee alleges that the acts of the Defendants constitute a violation of the automatic stay. Additionally, the Trustee requests the court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings through Rule 7065 of the Federal Rules of Bankruptcy Procedure, to enter a preliminary injunctive relief and cautionary notice against the Defendant, prohibiting any transaction regarding the Property.

On January 23, 2019, the Defendants answered the Complaint. The Muñiz Heirs allege that the real estate property is not property of the estate and therefore, the court has no jurisdiction to entertain the adversary proceeding. The Heirs allege that they have a valid secured claim duly registered and/or presented for registration pre-petition pursuant to Puerto Rico Mortgage Law. The appearing creditors possess a pre-petition "interest [over the property object of their lien]" under sections 362(b)(3) and 546(b)(1)(A) of the United States Bankruptcy Court. The acts performed to perfect the appearing creditors' pre-petition security interest post- petition (of which the defendants did not have any knowledge), if any, are exempted from the automatic stay pursuant to 362(b)(3). They argue that any such acts were performed pursuant to Puerto Rico Mortgage Law to pursue and perfect the appearing creditors' pre-petition interest over the mortgage property. That interest is based in basic principles of the 14th Amendment to the Constitution of the United States. (Docket No. 12).

The parties filed a Joint Pretrial Report on November 12, 2020 (Docket No. 24). On June 1, 2021, the Trustee/Plaintiff filed her *Trustee's Motion for Summary Judgment* (Docket No. 32). The Trustee alleges that, given that the mortgage had expired, and the public deed was withdrawn, the creditor lost its pre-petition position ("asiento") in the Property Registry. The deed's presentation expired by operation of law because the deficiencies were not corrected and, given that the notary withdrew the documents, there was no valid pre-petition security interest constituted over the property when the bankruptcy petition was filed. The Puerto Rico Mortgage Law regulates the procedures that the Registrar must follow to register the deeds at the Property Registry, and it also regulates the process in case there is a defect or deficiency in the documents presented. In the present case, the notary never corrected the fault notified by the Registrar and, therefore, the seat that the mortgage had recorded pre-petition, expired on October 1st, 2018. Additionally, the notary withdrew the document on October 2, 2018. The withdrawal of the document results in the property having no liens during the pre-petition period. Therefore, upon the filing of the bankruptcy, there was no valid security interest encumbering the property.

The Trustee further argues that under 11 U.S.C.S. 101(37), a lien is a charge against or interest in property to secure payment of a debt or performance of an obligation, and while the classification of a lien is a matter of federal law, the issue of whether a particular mortgage is a charge against or interest in property to secure payment of a debt is one of state law. The Trustee's position is that, under the Puerto Rico Mortgage Law, as of the filing of the petition the Defendants did not hold a secured claim against the property given the fact that the mortgage was not properly

registered nor recorded in the Property Registry as required by state law, and therefore the property is free of liens and the Defendants only hold an unsecured claim against the Estate. Defendants lost their pre-petition ranking and their lien never existed for purposes of this bankruptcy proceeding and, therefore, POC No. 4 is not an allowable secured claim and should be allowed and classified as a General Unsecured Claim. It is well established that "under Puerto Rico law, recording is essential to the validity of a mortgage" and that "one that is not recorded is a nullity". See In re Las Colinas, 426 F.2d 1005, 1016 (1st Cir. 1970). Recording is a constitutive act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt. In order to be recorded, a mortgage must first be filed at the Property Registry. "The filing of a [mortgage] in the Property Registry creates a preliminary presentation entry that determines the priority of the reservation made in the daily log of presentations kept by the Property Registry and expires if a mistake is not corrected within sixty (60) days of the notice of defect." See Perez-Mujica v. FirstBank P.R. (In re Perez-Mujica), 470 B.R. 251, 2012 Bankr. LEXIS 2062 at **10-11, 2012 WL 1605147 at *4 (Bankr. D.P.R. May 8, 2012). If "a document is withdrawn or recalled from the Property Registry before it is recorded, it ultimately entails the voluntary dismissal and extinction of the entry of register." Surita-Acosta v. Reparto Saman, Inc., 464 B.R. 86, 95-96 (Bankr. D.P.R. 2011) Upon Defendants' withdrawal of the unrecorded mortgage, the Defendant's rights became ipso facto "an unsecured personal obligation regarding the underlying debt".

The Trustee further states that the mortgage cannot relate back to any date pre-petition and its untimely post-petition registration gave the Defendants no lien over the property, or a lien that is avoidable by the Trustee. Defendants have the same rights as any unsecured creditor of the Bankruptcy Estate. The Defendants post-petition presentation of a pre-petition obligation to attempt to perfect a mortgage constitute acts to create, perfect or enforce a lien against property of the Debtor after the commencement of the bankruptcy case in violation of Section 362 of the Bankruptcy Code. Even when the property was abandoned by the Trustee and the Property was no longer property of the estate pursuant to 11 U.S.C. § 362(c)(1), and the automatic stay imposed against the Debtor's Property by section 362(a)(2) and section 362(a)(3) terminated…the stay imposed by section 362(a)(5) and section 362(a)(6), continued to apply to any act to create, perfect or enforce a lien against "property of the debtor" … until the case is dismissed or closed, or discharge is granted or denied. See In re Vicente, 446 B.R. 26 (Bankr. D. Mass. 2011) On October 3, 2018, the same 2007 mortgage deed was presented in the Property Registry for a second time,

despite having knowledge of the filing of Debtor's Chapter 7 voluntary petition. Although the property was abandoned, and the property reverted to the Debtor, the Trustee argues that it was still protected by the automatic stay.

The Trustee additionally requests that summary judgment be entered granting an injunction and declaratory judgment for cautionary notice to detain any attempts from Defendants to sell or adjudicate the Property at public auction.

On July 9, 2021, the Defendants filed their *Heirs Opposition to the Trustee's Motion for Summary Judgment and Motion to Dismiss pursuant to Rule 7012 FRBP for Failure to State a Claim Pursuant to Rule(b) (6) FRCP* (Docket No. 37). The Heirs allege that pursuant to the terms of the Motion for Consented Judgment executed by the Debtor prepetition on February 21, 2018 and to the final consented Judgment entered pursuant thereto by the United States District Court for the District of Puerto Rico on March 28, 2018, the real estate property described at Claim No. 4-1 is not property of the estate pursuant to 11 USC §541 because once the voluntary foreclosure judgment was entered, any interest that the debtor may have had, ceased to exist pursuant to P.R. Law and to the judgment entered by the Court. The heirs also allege that the exception to the automatic stay created by 11 USC §§ 362 (b)(3) and 546 (b)(1)(A) applies to the case at bar and therefore that they are entitled to pursue the registration of their security interest post-petition based on their prepetition federally protected propriety interest over the real property by virtue of the consented prepetition foreclosure judgment.

The consented judgment stated the following: "It is further adjudged and decreed that Codefendant Puntas Associates, LLC be absolutely barred and foreclosed from all rights and equity redemptions in and to the property". Defendants argue that as of the date of the petition of relief, the only matter pending before the U.S. District Court of Puerto Rico as per the judgment was the auction sale by the US Marshall Service and/or a Special Master, which process commenced prior to the date of the petition. They allege that the Rincón property ceased to be property of the estate upon the entry of judgment by consent of March 2018. The Heirs argue that that any acts performed or to be performed post-petition by Notary Public Andrés Javier Ramos Cámara and/or by the heirs themselves to procure the recordation of the Joint Deed of Sale and Mortgage, Deed No. 3, to record Debtor's ownership and create tract and to perfect the heirs' security interest and or federally protected equitable interest post-petition, are exempted from the automatic stay pursuant to 11 USC §§ 362(b)(3)and 546 (b)(1)(A) and were performed pursuant to Puerto Rico Mortgage Law. Defendants argue that Puntas and, therefore, the Trustee are

"foreclosed from all rights and equity redemptions in and to the [real] property". They state that Puntas waived any rights of redemption and any claim against the property and even its equity long before the date of the chapter 7 filing. "Any such clear waiver of rights is allowed under Article 4 of the Puerto Rico Civil Code, 31 L.P.R.A. §4 and became final upon the entry of the U.S. District's Court consented judgment which became final before the date of Petition for Relief." "The estate's legal and equitable interests in property rise no higher than those of the debtor". The Muñiz Heirs argue that "only the ministerial judicial auction sale remains to be performed to complete the foreclosure process as agreed by Puntas". "These are simple ministerial steps needed to complete the judicial sale and pay the heirs." Defendants state that the property is not property of the estate pursuant to the Judgment by Consent and to 11 USC §541. "The fact that the Debtor remains as the recorded title holder and that the trustee and/or the debtor may hold possession of the property post foreclosure judgment cannot extend or recreate previously expired rights."

The heirs acknowledge that, when a bankruptcy petition is filed, the bankruptcy trustee is vested with the status of a hypothetical bona fide purchaser of real property and may ordinarily avoid any transfer of the property or obligation of the debtor to the extent allowed under state law. However, Section 546(b)(1)(A), excepts this prerogative when "generally applicable law permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection." 11 U.S.C. §546(b)(1)(A). "The gist of this exception "is that the filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection." Referencing In re 229 Main St. Ltd. P'ship, 262 F.3d 1, 12 (1st Cir. 2001).

The Defendants state that although local law ordinarily dictates the existence and extent of an entity's interest in property, "interests in property" under sections 362(b)(3) and 546(b)(1)(A) is a federal statutory term, and its meaning is a matter of federal law." They argue that "the amalgam of circumstances" of the case, that is: (1) the execution of the mortgage deed; (2) the act of presentment; and (3) the judgment by consent entered by the District Court of Puerto Rico; sufficiently vested the heirs with a pre-petition interest in the real property "which the Bankruptcy Code allows the lender continue to perfection and allows completion of the U.S. District Court's ministerial duties of auction sale and execution of the applicable auction deed." "…11 USC §362 (b)(3) leaves room for post-petition creation and perfection of liens based on a prepetition federally

protected interest in property. Therefore, any acts performed post-petition to protect and record the heirs' lien would be exempted from the automatic stay pursuant to 11 USC §362 (b)(3) and §546 (b)(1)."

Finally, the Defendants alternatively state that even if the court "finds that the Heirs do not have an a federally protected interest over the foreclosed property, the Trustee cannot avoid an unrecorded mortgage as a transfer of property or to preserve any rights under 11 USC §§ 544, 549 and 551." Referencing Soto Rios, supra, and In re Rivera Mercado, 599 BR 406 (1st Cir. BAP 2019).

The Trustee filed her Reply on September 29, 2021 (Docket No. 47). The Trustee states that the pre-petition judgment by consent upon which the Defendants qualify their secured interest over the Property was premised on a mortgage which lost its pre-petition ranking and that the Defendants willfully violated the Automatic Stay through their post-petition presentation at the Property Registry. The Trustee alleges that the Defendants, in their argumentation, omit to mention that the mortgage lost its pre-petition ranking upon the withdrawal from the Property Registry. Defendants ignore that they were notified by the Property Registry of the deficiencies of their presented mortgage. The Defendants don't address that the "seat" or ranking in the Property Registry of their mortgage expired on October 1st, 2018, because the deficiencies in the Registry's Notice of Correction were not cured. Even if presentation of a mortgage at the Property Registry vests the creditor with an interest in a debtor's property under §§ 362(b)(3) and 546(b)(1), although not necessarily a valid lien over the property, the Defendants lost their pre-petition ranking and the subsequent post-petition presentation of the mortgage at the Property Registry was prohibited by the Automatic Stay.

Issue

The court must determine if (1) the Defendants have a pre-petition interest in the Rincón property, considering that the Registrar notified a fault which expired in October 1, 2018, and that the notary withdrew Sale and Mortgage Deed No. 3 from the Property Registry and, therefore, lost its prepetition ranking ("asiento"); and (2) if the Defendants violated the automatic stay by presenting the Sale and Mortgage Deed No. 3 in the Property Registry post-petition.

Applicable Law and Analysis

a.  *Standard of Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S. Ct. 1495, 47 L. Ed. 2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most

favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473, 82 S. Ct. 486, 7 L. Ed. 2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61, 284 U.S. App. D.C. 391 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S. Ct. 387, 112 L. Ed. 2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

After considering the totality of the record, the court finds that the following facts are uncontested:

1. On April 12, 2007, Mr. Adalid Muñiz and the Debtor, Puntas Associates LLC entered into a *Purchase and Sale Agreement* of a real estate property for the sales price of $2,477,000.00. Sale and Mortgage Deed No. 3. Proof of claim 4-1, Lead case 18-03123.

2. Puntas paid $164,000.00 on or before the time of closing and the seller financed the remaining $2,313,000.00. Sale and Mortgage Deed No. 3.  Proof of claim 4-1, Lead case 18-03123.

3. The mortgage encumbered the below described property (the "Rincón property") (in the Spanish language):

*RUSTICA: PARCELA marcada con la letra "G" en el Plano de Inscripción, radicada en el Barrio Puntas del término municipal de Rincón, Puerto Rico, de una cabida superficial de TRECE MIL TREINTA Y SEIS PUNTO DOSCIENTOS CUARENTA Y SIETE METROS CUADRADOS (13,036.247 m.c.) En lindes por el Norte, con la parcela "H" y parcela "I" del mismo plano, y con el solar número dos (2) que fue segregado de esta misma finca;*
*por el Sur, con el solar segregado de la misma finca caso 77-25-A-690 DPL; por el Este, con la parcela J del mismo Plano que fue adjudicada al señor Jesús Muñiz Avilés y por el Oeste, con faja marcada con la letra "L" dedicada a uso público y con el solar dos (2) antes segregado. Recorded at page one hundred and ten (110) of volume fifty six (56) of Rincón, property ("finca") number two thousand three hundred fifteen (2315). Registry of the Property Aguadilla, Section I. The number of the property for tax purposes is 095-020-002-65-000.*

Sale and Mortgage Deed No. 3.  Proof of claim 4-1, Lead case 18-03123.

4. As referenced on the Sale and Mortgage Deed, on that same date, April 12, 2007, and for value received, a mortgage note payable to the order Mr. Adalid Muñiz Avilés, or to the bearer of the note, was executed before Notary Public Andrés Javier Ramos Cámara, affidavit number 10,793 ("the Note"). Sale and Mortgage Deed No. 3 and *Proof of claim 4-1, Lead case 18-03123.*

5. The Deed of Sale and Mortgage was presented for recordation with the property Registry, Aguadilla Section I, on May 29, 2007, with entry number ("Asiento") 849-827-AG01. See Exhibit C, Docket No. 32-3.

6. On February 21, 2018, Puntas Associates LLC, and the Heirs executed and filed with the United States District Court a Motion for Entry of Consented Judgment of Foreclosure Pursuant to Rule 35.4 Puerto Rico Rules of Civil Procedure. Proof of claim 4-1, Lead case 18-03123.

7. When the *Consented Judgment of Foreclosure Pursuant to Rule 35.4 Puerto Rico Rules of Civil Procedure* was entered, the Sale and Mortgage Deed was still pending recordation at the Registry. Proof of claim 4-1, Lead case 18-03123.

8. On July 22, 2018, the Trustee filed a notice of abandonment of the Rincón property (the "Abandonment"). Docket No. 10, Lead Case 18-03123.

9. Given that no objections were filed against the Abandonment, the same became final on August 4, 2018. See Fed. R. Bankr. P. 6007.

10. Registrar Mr. Gilden S. Caro Perez issued a "Letter of Notification" on July 31, 2018, to the Notary Andrés Javier Ramos Cámara. *See* Exhibit B, Docket No. 32-2.

11. The "Letter of Notification" informed that a county clerk certificate for the Sale and Mortgage Deed No. 3 was missing. *See* Exhibit B, Docket No. 32-2.

12. The "Letter of Notification" stated that the date of expiration was October 1, 2018. See Exhibit B, Docket No. 32-2.

13. On October 2, 2018, the notary withdrew the public deed and a letter of credit for the government stamps was issued in favor Andres Javier Ramos Cámara. See Exhibit C, Docket No. 32-3.

14. On October 3, 2018, the Sale and Mortgage Deed no. 3 was presented in the Property Registry.  See Title Search Dated February 1, 2019, Exhibit E, Docket No. 32-5.

15. Upon learning about the Notification and withdrawal of the Sale and Mortgage Deed, the Trustee filed a Motion to Set Aside Abandonment pursuant to Fed. R. Bankr. P. 9024. Docket No. 28, Lead case 18-03123.

16. The court granted the revocation of the Trustee's Abandonment of the Rincón property, bringing the property back to the bankruptcy estate (Docket No. 154, Lead case 18-03123).

*b. Do Defendants' have an Interest in the Rincón Property?*

Interested parties' property rights and the scope of those rights in bankruptcy proceedings are determined by state law. Miranda v. Banco Popular de P.R. (In re Cancel), No. 20-9006, 2021 U.S. App. LEXIS 23432, at *8 (1st Cir. Aug. 6, 2021).

A mortgage is a guarantee of a debt secured by a particular property. Fed. Deposit Ins. Corp. v. Bracero & Rivera, Inc., 895 F.2d 824, 827 (1st Cir. 1990). As explained by the District Court of Puerto Rico in Fed. Deposit Ins. Corp. v. Urbanizadora Altomar, Inc. , 716 F. Supp. 701, 705 (D.P.R. 1989):

"A mortgage is merely a guarantee of a debt secured by a particular property. It is axiomatic that the mortgage will exist so long as the debt remains unpaid. Torres v.

Fernandez, 47 D.P.R. 845, 848 (1934). In a mortgage credit relationship we must distinguish between the credit and the mortgage. The credit gives rise to a personal action for collection of monies which may eventually be executed upon personal property of the debtor. These proceedings will be filed against the creditor and the prayer for relief is limited to money.

The mortgage is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt. The defendant in the proceedings may or may not be the debtor. Instead, the execution will be carried out against the registered owner of the mortgaged property and the prayer in the complaint will request that the property be foreclosed to collect from the proceeds of the public auction.

Under Puerto Rico law, a mortgage creditor may bring three types of suits to collect a debt to wit, the summary foreclosure proceedings, civil foreclosure proceedings and an ordinary suit for collection of monies. CRUV v. Torres Perez, 111 P.R. Dec. 698, 699-700 (1981); see also Zaragoza v. Santiago, 51 D.P.R. 532, 535 (1937). 30 L.P.R.A. § 2701. A mortgage creditor is not required to foreclose a mortgage note if he does not wish to. He may totally disregard this guarantee and demand payment by way of a personal suit and attach goods other than the mortgaged property to execute judgment. Zaragoza v. Santiago, 51 D.P.R. at 535; Torres v. Fernandez, 47 D.P.R. at 848.

Therefore, when a creditor constitutes a mortgage over certain property, said creditor may seek collection of monies through foreclosure and the auction of the property, which proceeds are to be applied to the debt and its warranties.

Under Puerto Rican law, a mortgage must be recorded for it to confer any interest in the underlying real property. Miranda v. Banco Popular de P.R. (In re Cancel), No. 20-9006, 2021 U.S. App. LEXIS 23432, at *10 (1st Cir. Aug. 6, 2021). The First Circuit Court recently clarified that, although it had previously stated that "interest in property" encompasses more than just a recorded lien, the court looks to whether, under state law, the claimed property interest was "effective against entities which already had acquired rights in the property." Miranda at *8. The First Circuit Court explained:

"Puerto Rico has a fundamentally different scheme of mortgage rights. It uses a Property Registry system. A deed is not "recorded" until the Property Registry judges that the deed is valid. P.R. Laws Ann. tit. 30, §§ 2255, 2267. Recording in Puerto Rico does more than provide public notice. It is part of the process of creating a valid property instrument. See id. §§ 2255, 2267.

Under Puerto Rican law, a mortgage must be recorded for it to confer any interest in the underlying real property. By statute, "it is indispens[a]ble, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property." P.R. Laws Ann. tit. 31, § 5042; see also P.R. Laws

Ann. tit. 30, § 2607 (a mortgage must be stipulated in a deed and "recorded in the Property Registry"). "[R]ecordation [at the Property Registry is a constitutive act through which the security produces real effects and becomes operative erga omnes in the sphere of real rights." Rosario Pérez v. Registrar, 15 P.R. Offic. Trans. 644, 648, 115 P.R. Dec. 491 (P.R. 1984); see also Teachers' Ret. Bd. of P.R. v. Registrar, 9 P.R. Offic. Trans. 757, 777, 109 P.R. Dec. 569 (P.R. 1980) (describing mortgages as "rights created by their registration")."

Miranda v. Banco Popular de P.R. (In re Cancel) at *10-11.

"A deed is not "recorded" until the Property Registry judges that the deed is valid. P.R. Laws Ann. tit. 30, §§ 2255, 2267. Recording in Puerto Rico does more than provide public notice. It is part of the process of creating a valid property instrument.5 See Id. §§ 2255,2267." Id. at *10. An unrecorded mortgage is no more than an unsecured personal guarantee under Puerto Rico law. See Roig Com. Bank v. Dueño, 617 F. Supp. 913, 914-15 (D.P.R. 1985) ""…[U]nder Puerto Rican law[,] recording is essential to the validity of a mortgage . . . [and] one that is not recorded is a nullity." Roosevelt Cayman Asset Co. II v. Cruz-Rivera , 232 F. Supp. 3d 230, 232 (D.P.R. 2017) referencing In re Roldan, No. 10-10792, 2012 Bankr. LEXIS 2720, 2012 WL 2221410, at *8 (Bankr. D.P.R. June 13, 2012). "An unrecorded mortgage deed does not eliminate the promissory note but rather turns it into an unsecured personal obligation, solely enforceable against the maker." Bankr. Estate of Quintana v. Rushmore Loan Mgmt. Servs., No. 19-1620 (RAM), 2020 U.S. Dist. LEXIS 151350, at *4 (D.P.R. Aug. 19, 2020).

Furthermore, this court has reiterated that in a mortgage foreclosure sale, title of the property is transferred to the purchaser when the deed of judicial sale is executed. See In re Santana, 2020 Bankr. LEXIS 179 (Bankr. P.R. 2020) In Re Hernandez, 244 B.R. 549 (Bankr. D.P.R. 2000), In Re Martinez Ortiz, 306 B.R. 727 (Bankr. P.R. 2004). See also Rodriguez v. Naihomy (In Re Rodriguez), 334 B.R. 754 (1st Cir. B.A.P. 2005) and dissenting opinion at James Patrick Smyth Delgado v. Oriental Bank & Trust, 2007 TSPR 12, 170 D.P.R. 73, 2007 Juris P.R. 17 (2007).

The Defendants argue that the pre-petition presentment of the mortgage deed along with the Consented Judgment entered in the District Court vested them with an interest in the Rincón property that cannot be avoided by the Trustee, as established by the First Circuit in Soto-Rios v. Banco Popular de P.R., 662 F.3d 112 (1st Cir. 2011). The interest in property discussed in Soto-Ríos by the First Circuit and referenced by the Defendants was constituted by the presentation of the mortgage deed in the Property Registry which eventually leads to the registration of the mortgage, therefore providing the creditor with *in rem* rights. When a creditor that has done all that it can by timely presenting valid mortgage deeds for recording it obtains an interest in the

property identified in the mortgage deed. Soto-Rios at 119. However, once a mortgage is presented in the Property Registry, the Registrar must pass judgment on the documents within sixty days, or some "just cause" period thereafter, and then either act to record them or alert the applicant to any defect. See P.R. Laws Ann. tit. 30, §§ 2255, 2267, 2270-72. Id. at 121. "Indeed, the registrar must keep detailed records to memorialize the very "moment of presentation" by entering "the exact time of day" into the daybook (filing entry). See P.R. Laws Ann. tit. 30, §§ 2152, 2154, 2253. Such precision is required, of course, because the filing entry is "intimately linked to the registry principle called rank or priority"; the first filing entry prevails. Id. referencing Gasolinas de Puerto Rico v. Richard F. Keeler Vázquez, 2001 TSPR 158, 155 P.R. Dec. 652, 675, 2001 Juris P.R. 161 (P.R. 2001).

However, the First Circuit Court in Soto-Ríos acknowledged that the registrar bears the legal obligation of "passing judgment" on presented documents to determine whether to record them. Referencing P.R. Laws Ann. tit. 30, § 2267. The Soto-Rios court, hence, clarified that "under Puerto Rico law recording is a "constitutive" act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt." Id.

The Soto-Rios court analyzed the case upon its consideration, and that upon the normal course of events anticipated by the statutory scheme, there was a fair certainty that, absent noticed and uncured defects, recording of the mortgage deeds would have occurred well before the debtors filed for bankruptcy. The Soto-Ríos record was devoid of any suggestion that the documents were defective in any manner. The First Circuit Court therefore concluded that the creditor thereby took all possible administrative steps in its power to effectuate due recording. Soto-Ríos at 122.

The situation in the present case differs, considering that the Registrar notified faults in the presentation of the Sale and Mortgage Deed No. 3. In the Soto-Ríos case, the record reflected that registration would occur, as there was no evidence of deficiency in the presentment of the deed. However, in this case, the Registrar, after passing judgment on the presented documents, notified the notary that certain document was missing (county clerk certificate) required to record the Sale and Mortgage Deed No. 3. The time to correct the fault expired on October 1, 2018, without any corrective action. Furthermore, on October 2, 2018, the notary withdrew the Sale and Mortgage Deed No. 3. When a document is withdrawn or recalled from the Property Registry before it is recorded, it ultimately entails the voluntary dismissal and extinction of the entry of register." In re Gonzalez Aleman , 499 B.R. 236, 238 (Bankr. D.P.R. 2013) referencing Surita Acosta v. Reparto Saman, Inc. (In re Surita Acosta), 464 B.R. 86, 95-96 (Bankr. D.P.R. 2011), citing Luis R. Rivera

-15-

Rivera, Derecho Registral Inmobiliario Puertorriqueño, San Juan, Jurídica Editors, 2002, pp. 277-278, and Roig Commercial Bank v. Torres Dueño, 617 F. Supp. 913 (D.P.R. 1985). Also see Carrión v. USDA Rural Hous. Serv. (In re Cestary Roldán), 2012 Bankr. LEXIS 2720 at *23, 2012 WL 2221410 at *8 (Bankr. D.P.R. 2012) ("The filing of a [mortgage] in the Property Registry creates a preliminary presentation entry that determines the priority of the reservation made in the daily log of presentations kept by the Property Registry and expires if a mistake is not corrected within sixty (60) days of the notice of defect.").

The Defendants further argues that pursuant to the Consented Judgment, the Debtor lost its "equity of redemption" over the property and therefore the Trustee cannot obtain superior rights than the Debtor over the property. The right of redemption originated in the equity courts. See Fed. Land Bank of Balt. v. Dist. Court of Aguadilla , 45 P.R. Dec. 205 (1933). "It arose out of necessity, to soften the rigor of the common law, which permitted the title to the property to pass from the debtor to the mortgage creditor and vested an absolute estate in the latter upon failure of the former to comply with the conditions of the contract. It is in order to cut-off this right of redemption, known as "equity of redemption," that the mortgage creditor resorts to a foreclosure proceeding against the mortgage debtor and any other party having a right to redeem." Id.  However, the doctrine of equity of redemption is not applicable to Puerto Rico because in our jurisdiction a mortgage over real property does not yield an alteration of the legal title of a property from the debtor. The property remains in the name of the debtor until the judicial sale or the adjudication of the real estate property, as satisfaction of the obligation. See Cepero v. Nat'l City Bank of N.Y., 50 P.R. Dec. 325 (1936).[1] Therefore, the court finds that the Consented Judgment filed in the District Court of Puerto Rico did not provide the Defendants with an additional or superior interest in the Rincón property.  The Defendants rights over the property were those included under the Note and the Sale and Mortgage Deed No. 3. As discussed above, Puerto Rico law requires a mortgage to be registered in the Property Registry. Absent notification of the Registrar, or evidence of faults that deem a mortgage defective, the presentment of a mortgage deed grants a creditor with an interest in property considering that such presentment would lead to the registration of the mortgage in the Property Registry. However, if a mortgage is notified by the Registrar and no

---

[1] Nevertheless, an equity redemption right will be attached to the existence of a mortgage. See In re Spencer, 115 B.R. 471, 480 (D. Del. 1990) ("…[T]he right of redemption and the right of foreclosure, . . . ., are coexisting and mutual rights.").

corrective actions are taken, or the mortgage is withdrawn, the presentation expires without granting any in rem rights to the creditor.

The uncontested facts herein show that the mortgage deed lost its pre-petition seat ("asiento") in the Property Registry. Although presentment of the mortgage deed occurred prepetition and at the time of the filing the Defendants may have had an interest in the Rincón property which could be registered as allowed under section 362(b)(3), the expiration of time to cure the faults and the withdrawal of the deed extinguished said interest in property. The registration of the mortgage did not occur, and the post-petition presentment cannot relate back to any pre-petition date. Without a registered mortgage, the Defendants have no lien and, therefore, no interest in the property. The court finds that objection to proof of claim no. 4-1 is warranted. Proof of claim 4-1 shall be allowed as a general unsecured debt.

### b. *The Automatic Stay*

The automatic stay in 11 U.S.C. §362(a) is one of the basic protections under the Bankruptcy Code and becomes operative by the filing of the bankruptcy petition. Soares v. Brockton Credit Union (In re Soares), 107 F. 3d 969, 971 (1st Cir. 1997). The automatic stay is extremely broad in scope and, "aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2018). Furthermore, the automatic stay also protects creditors since it prevents the "dismemberment of a debtor's assets by individual creditors levying on the property. This promotes the bankruptcy goal of equality of distribution" Id. The automatic stay provides debtors with one of the cornerstone protections under bankruptcy law, giving debtors a "breathing room" from the pressures of their creditors. See In re Soares, 107 F. 3d at 975. Given its utmost importance in the bankruptcy system, courts "must display a certain rigor in reacting to violations of the automatic stay." In re Soares, 107 F. 3d. at 975-976.

Moreover, "[u]nless it is extended by the court, however, as a general rule the stay only protects, by its terms, actions against the debtor, the debtor's property, or property of the estate. It does not, for example, protect nonparties, such as, for example, guarantors of debtor's debt (except in Chapters 12 and 13 where there is a codebtor stay); officers, directors, or shareholders of a corporate debtor, partners of a partnership that is in bankruptcy (or the reverse); or a nonfiling spouse of a debtor." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7:4 Vol. 1 (5th ed. 2018), pgs. 1535-1536.

The First Circuit in <u>Laboy v. Doral Mortg. Corp. (In re Laboy)</u>, 647 F. 3d 367, 374 (1st Cir. 2011) stated that a violation is deemed "willful:" "... if a 'creditor's conduct was intentional (as distinguished from inadvertent) and committed with knowledge of the pendency of the bankruptcy case.'" <u>In re Laboy</u>, 647 F. 3d. at 374 citing <u>In re McMullen</u>, 386 F. 3d 320, 330 (1st Cir. 2004).

Section 362(a)(2) operates as a stay regarding "... the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the cause under this title." 11 U.S.C. §362(a)(2). "This would include, for example, garnishment, levy, or execution, post judgment attachment, and the pursuit of proceedings supplemental to the entry of judgment." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7.6 Vol. 1 (5th ed. 2018), pg. 1554. "Also stayed are levy and execution, pursuant to a prepetition judgment, against the property of the estate and against property of the debtor. This stay protects exempt assets that cease to be property of the estate and assets acquired after the commencement of the case." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.03[4] (16th ed. 2018). "In this regard, 'property of the estate' is expansively defined to include all legal and equitable interests of the debtor in property as of the commencement of the case." Id. at ¶362.03[4].

Section 362(a)(4) operates as a stay regarding "... any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. §362(a)(4). Property of the estate is broadly construed pursuant to 11 U.S.C. §541. The term "lien" is defined pursuant to section 101(37) as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. §101(37). "This definition includes liens obtained through judicial process, statutory liens, consensual liens (such as, real estate mortgages or agreed-upon security agreements), or any inchoate charge against property of the estate." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7.8 Vol. 1 (5th ed. 2018), pg. 1578. "Section 362(a)(4) covers both judicial and nonjudicial actions against property of the estate. A wide variety of actions are stayed automatically, including, by way of illustration, judicial and private foreclosure and self-help remedies against collateral, such as by repossession or by notification of account debtors. Each act in the foreclosure process is stayed" Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.03[6][b] (16th ed. 2018). "In general, the nondebtor party seeking to take action against the debtor or its property is well advised to assume that the stay applies and seek relief by appropriate proceedings in the bankruptcy court." Id. at ¶362.03[6][b]. "Moreover, courts have held that a creditor does not violate §362(a)(4) by

-18-

extending, continuing, or renewing a judgment lien, mortgage lien, or similar, because by doing so, the creditor is merely maintaining the *status quo*." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7.8, pg. 1581 referencing 229 Main St. Ltd. Pshp. v. Mass. EPA (In re 229 Main St.), 262 F.3d 1, 13 (1st Cir. 2001) (explaining that the automatic stay is not applicable to acts to maintain or continue perfection of a lien). "However, section 362(b)(3)2, an exception to the automatic stay provisions and thus, permits perfection of an interest in property to the extent that the trustee's rights and powers are subject to perfection under 546(b) or to the extent that perfection is achieved within the 30-day grace period set forth in section 547(e)(2)(A)." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.03[6][a] (16th ed. 2018).

Unlike section 362(a)(4), section 362(a)(5) stays "... any act to create, perfect, or enforce against property of the debtor" as opposed to property of the estate. This provision protects the debtor's property. See Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, §7.9 Vol. 1 (5th ed. 2018), pg. 1583 ("This provision of the automatic stay thus protects the debtor's property, as, for example, property in an enforceable spendthrift trust under which the debtor is a beneficiary; post-petition earnings in a Chapter 7 individual debtor's case; property that was abandoned to the debtor by the trustee; or property that is exempted").

Therefore, an action that is filed after the filing of a bankruptcy petition aimed at affecting the property rights of a Debtor or the estate constitutes a violation of the automatic stay provision 362(a); unless there is an exception under section 362(a). If none exists, there is a violation. See In re Horned Dorset Primavera, Inc., No. 15-03837 (ESL), 2018 Bankr. LEXIS 2220, at *41-46 (Bankr. D.P.R. July 27, 2018).

In the present case, the uncontested facts show that although the Trustee had abandoned the Rincón property and therefore it was not property of the estate subject to section 362(a)(4); the protection of the automatic stay was in effect as to the Debtor pursuant to section 362(a)(5), the Defendants had actual notice of the filing of the petition, and that the Notary refiled in the Registry the Sale and Mortgage Deed No. 3 post-petition, that is, on October 3, 2018. The presentation of the mortgage deed was in violation of the automatic stay. The court concludes that the presentation is void and therefore has no effect against the property.

Conclusion

In view of the foregoing, the court finds that *Summary Judgment* in favor of the Trustee is warranted. The Defendants do not have an interest in the Rincón property and, therefore, Proof of Claim 4-1 will be treated as a general unsecured claim. Furthermore, the post-petition presentment on October 3, 2018, of the Sale and Mortgage Deed No. 3 in the Property Registry was in violation of the automatic stay imposed by 11 U.S.C. §362(a)(5) and is, therefore, void and with any effect against the property.

IT IS SO ORDERED.

Judgment will be entered accordingly.

In San Juan, Puerto Rico, this 29th day of October 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-20-